H. S. HOLDRIDGE AND WIFE, plaintiffs in error, *vs*. A. L. HAMILTON AND WIFE, defendants in error.

When the verdict of the jury is against the weight of the evidence, though not so decidedly so as to authorize the Court to grant a new trial, yet when there is newly discovered evidence, not merely *cumulative* in its character, which establishes an independent fact explantory of the transaction, going to show that the verdict is wrong, a new trial will be granted.

Assumpsit for rent. Motion for new trial. Decided by Judge COLE. Bibb Superior Court. November adjourned Term, 1867.

Hamilton, in right of his wife, (who was formerly M. J. Ross,) sued Holdridge and his wife on their promissory note for store-rent. It was agreed that the verdict in this case should apply to and cover the three rent notes which fell due on the 1st of February, March and April, 1867, as well as the note sued on. The jury in the County-Court found for the defendant. An appeal was entered, and it seems that on the appeal the parties treated all the notes as sued on. On the trial, on appeal, plaintiff read in evidence the said four notes, and closed. The defendant then introduced much testimony to show that the premises leaked badly, that his goods were greatly injured, and that Smith refused to repair the roof. In

answer to this, the plaintiff also had much testimony, including that of some of the former tenants of said store.    So much of this as is important appears in the decision of the Court.

The verdict was for the plaintiff for the full amount and costs.    After the trial, said defendants procured an affidavit from Faulkner, the tinner, who stated that early in February, 1867, he repaired the holes made by the fireman ; that, " in addition to re-covering the holes so made, he also soldered a number of open seams in the gutters of said building, on each side of said building, but mostly in the gutter next to the burnt building."    And with this, and the affidavit of defendants that they had learned this since the trial, defendants' attorneys moved for a new trial on the grounds that the verdict was contrary to the evidence, etc., and because of said newly discovered evidence.

The Court refused a new trial, and this is assigned as error.

LYON & DEGRAFFENRIED, for plaintiff in error.

LANIER & ANDERSON, for defendant in error.

WARNER, C. J.

The error assigned in this case to the judgment of the Court below, is the refusal of the Court to grant a new trial upon the facts set forth in the record.    The defense of the defendants against the payment of the note sued on, was the leaky condition of the store-room, for the rent of which the same was given.    In our judgment, the weight of the evidence (independent of the newly discovered testimony) was in favor of the leaky condition of the store-room at the time the defendants occupied it, but we should not have interfered with the verdict of the jury on that ground alone.    The evidence of the Cherrys, that the roof did not leak after they occupied it, is accounted for by the newly discovered evidence of Faulkner, the tinner, who states, in his affidavit, that early in February, 1867, he soldered a number of open seams

in the gutters of said building, on each side of it, in *addition to the holes made by the firemen.* This newly discovered evidence would have explained why the store-house did not leak after the Cherrys moved into it, and have reconciled the apparent conflict between their evidence and the evidence for the defendants as to the leaky condition of the house when the defendants occupied it. The seams in the gutters were open when the defendants occupied the house, but were stopped by Faulkner, the tinner, before or about the time the Cherrys went into possession of it. This newly discovered evidence was not merely *cumulative,* but establishes a material, independent fact, which explains why the house may have leaked when occupied by the defendants, and not have leaked when occupied by the Messrs. Cherry, the subsequent tenants. Upon a review of the facts contained in this record, we are of opinion that a new trial should have been granted, and that the Court below erred in refusing to do so. Let the judgment of the Court below be reversed.